**WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,           ) | CR-04-1243-PCT-DGC |
| Plaintiff,           ) | |
| ) | **ORDER** |
| vs.           ) | |
| ) | |
| Alejandro Valdez,           ) | |
| ) | |
| Defendant.           ) | |
| _____) | |

On February 28, 2005, Defendant was sentenced to 27 months in prison and 36 months of supervised release. Dkt. #24. Defendant's probation officer filed a petition to revoke the supervised release on October 11, 2006. Dkt. #27. An arrest warrant was issued the same day. Dkt. #28. Defendant currently is serving a state prison sentence.

Defendant has filed a motion for speedy trial. Dkt. #29. In response, the Government cites legal authority for the proposition that a hearing on a federal petition to revoke supervised release is not required until after a defendant is taken into federal custody, and that the issuance of a warrant and the lodging of a detainer while the defendant is incarcerated elsewhere for a separate crime do not constitute being taken into federal custody. *See Morrissey v. Brewer*, 408 U.S. 471, 488 (1972); *Moody v. Daggett*, 429 U.S. 78, 86-87 (1976); *United States v. Garrett*, 253 F.3d 443, 447 (9th Cir. 2001) ("A revocation hearing . . . need only be tendered promptly after the violation warrant is *executed*, because a parolee does not suffer a loss of liberty as a parole violator until he is taken into custody *under the violation warrant*.") (emphasis in original).

Defendant countered by arguing that he was taken into custody by his federal probation officer and then turned over to state authorities. Dkt. #32. The Court directed the Government to file a sur-reply explaining the circumstances under which Defendant was arrested. Dkt. #34. The Government has now filed a supplemental response explaining that Defendant was taken into custody by state authorities while at his federal probation officer's office. Defendant was not arrested by his federal probation officer.

Defendant has submitted no evidence to counter the Government's assertion. Because it appears that Defendant has not been arrested on his federal warrant, the Court is not obligated to schedule a hearing on his supervised release violation. Defendant will be entitled to a hearing on that violation once he is taken into federal custody.

**IT IS ORDERED** that Defendant's Motion for a Quick and Speedy Trial (Dkt. #29) is **denied**.

DATED this 22nd day of December, 2008.

*David G. Campbell*
David G. Campbell
United States District Judge